IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN D. SVELUND,

    Petitioner,                    No. CIV 11-cv-0247-JFM (HC)

    vs.

ARNOLD SCHWARZENEGGER,       ORDER

    Respondent.

         Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

         Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court ...." Rule 4 of the Rules Governing Section 2254 Cases. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see

also <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at 420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks</u>, 908 F.2d at 491.

Here, petitioner contends that after he refused to submit to a psychological examination in preparation for a parole hearing before the Board of Parole Hearings ("the Board"), his medical records were nonetheless released to a psychologist who generated a report for the Board.  Petitioner contends his right to refuse medical care was violated, as well as CDCR rules, state and federal law, forcing him to waive his parole hearing date as he contested the matter administratively.

Examination of the petition convinces the court that petitioner has failed to state a claim for habeas relief.  Petitioner's claim that his right to refuse medical care was violated lacks merit.  Assuming, without arguing, that a psychological evaluation is equivalent to receipt of medical care, petitioner does not contend that he was forced to undergo the evaluation and, in fact, plainly admits that he exercised his right to refuse it.  Insofar as petitioner argues that CDCR violated its regulations and state law in releasing petitioner's medical records to a psychologist despite his refusal to be evaluated, this matter is not properly brought in a habeas petition.  If petitioner challenges the constitutionality of a CDCR procedure, he must proceed by way of an action under 42 U.S.C. § 1983.

Should petitioner file a civil rights complaint on the form to be provided, within thirty days from the date of this order, he is cautioned that, notwithstanding his in forma pauperis status, he will be assessed a filing fee in the amount of $350.00.  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).  Once an amended complaint has been filed, the court will determine whether this

action must be re-designated as a civil right action pursuant to 42 U.S.C. § 1983. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed. Thus, the petition will be dismissed with leave granted for petitioner to file a civil rights action.

Accordingly, IT IS ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. The petition is dismissed with leave to amend, within thirty days from the date of service of this order; petitioner may file a civil rights complaint, pursuant to 42 U.S.C. § 1983. Petitioner is cautioned that should he seek to proceed under § 1983, as a plaintiff, that he will be assessed the full $350.00 filing fee, although he will retain his in forma pauperis status. Failure to comply with this order will result in a recommendation that this matter be dismissed; and

3. The Clerk of the Court is directed to send petitioner the court's form for filing a prisoner civil rights action in this district.

DATED: April 19, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;stew0889.114