IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN D. SVELUND,

    Petitioner,                      No. CIV 11-cv-0247-JFM (HC)

    vs.

ARNOLD SCHWARZENEGGER,        ORDER AND

    Respondent.                  FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Previously, the court determined that the petition failed to state a claim for relief. By order, the petition was dismissed with leave to file an amended petition. Plaintiff has now filed an amended petition.

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court ...." Rule 4 of the Rules Governing Section 2254 Cases. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a

1

1 petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting
2 each ground; and (3) state the relief requested.  Notice pleading is not sufficient; rather, the
3 petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory
4 Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420.  Allegations in a petition that are
5 vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908
6 F.2d at 491.

7 Here, as in the initial petition, petitioner contends that after he refused to submit
8 to a psychological examination in preparation for a parole hearing before the Board of Parole
9 Hearings ("the Board"), his medical records were released to a psychologist who generated a
10 report for the Board.  Petitioner contends this violated his right to refuse medical care, as well as
11 state and federal law.  For the reasons set forth in this court's April 20, 2011 order, the court
12 again finds that petitioner's claim lacks merit.  Furthermore, even if the court were to order the
13 expungement of the psychological evaluation from petitioner's file, that will not necessarily
14 shorten the length of his confinement.  As other courts have concluded, parole can properly be
15 denied on many different grounds based upon the entire record available to the Board.  Neal v.
16 Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).  Because petitioner has not shown that the
17 challenged psychological report will likely accelerate his release on parole, the court lacks
18 habeas jurisdiction over this action.

19 Accordingly, IT IS ORDERED that the Clerk of the Court assign a district judge
20 to this case; and

21 IT IS HEREBY RECOMMENDED that the petition be dismissed.

22 These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

1  objections shall be filed and served within fourteen days after service of the objections.  The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: February 24, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;svel0889.114am

3